UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JASON C. MOULTON, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil No. 09-129-B-W |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Maine State Prison, Warren, Maine, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has $10.19 in his account as of March 24, 2009; that over the last six months the average deposits have been $220.84 and the average monthly balance has been $68.72.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $44.18. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Before he decides to incur the cost of this suit, Moulton should consider that this action is susceptible to summary dismissal. In his explanation of his claim he maintains that his constitutional rights have been violated as an inmate housed in the Maine State Prison protective unit. He lists the lack of substance abuse counseling, college level educational opportunities, vocational education opportunities, and rehabilitative programming. He also complains of double bunking with prolonged lock-in times, the mixing of minimum custody with medium and maximum custody inmates in the same environment, and the mixing of violent offenders with non-violent offenders in the same housing unit. He seeks more programs that he asserts are required by law, a transfer to the Maine Correction Center where he can get his programs and educational needs met, and, if this is not possible, he requests $20,000 for emotional distress and mental state issues. Moulton does not specify whether he is envisioning this claim as cruel and

unusual punishment, equal protection, or due process, but whatever his constitutional theory or theories are the case law is against him.  See e.g., Sandin v. Conner, 515 U.S. 472, 483-87 (1995); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); French v. Owens, 777 F.2d 1250 (1985), 1256 -57 (7th Cir.1985); Jackson v. Meachum, 699 F.2d 578, 581 -85 (1st Cir. 1983); Furtado v. Bishop, 604 F.2d 80, 88 (1st Cir. 1979); Nadeau v. Helgemoe, 561 F.2d 411, 416 -17 (1st Cir. 1977); Lovell v. Brennan, 566 F.Supp. 672, 691 -92 (D.Me.1983); but see Cox v. Maine State Prison, Civ. No. 05-173-B-W,  2006 WL 980767, 2 -4  (D.Me. Apr. 11, 2006) (recommended decision), aff'd, 2006 WL 1208029 (D.Me. May 03, 2006).  Furthermore, with regards to Moulton's pursuit of damages, 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Now therefore, Plaintiff shall notify the Court no later than April 27, 2009, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of the Maine State Prison, Warren, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

    SO ORDERED.
    April 3, 2009                                    /s/ Margaret J. Kravchuk
                                                      U.S. Magistrate Judge