UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JASON C. MOULTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-129-B-W |
| | ) |
| MAINE DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

**Order Following Initial Screening**

Jason Moulton has filed a lawsuit against the Maine State Prison and the Maine Department of Corrections seeking injunctive relief against the prison officials for claimed violations of the Equal Protection Clause and the Eighth Amendment of the United States Constitution. Moulton's claim arises because of what he claims to be civil rights violations that have occurred because of his status in the "protective unit" at the Maine State Prison in Warren, Maine. In his explanation of his claim he maintains that his constitutional rights have been violated as an inmate housed in the Maine State Prison protective unit. He lists the lack of substance abuse counseling, college level educational opportunities, vocational education opportunities, and rehabilitative programming. He also complains of double bunking with prolonged lock-in times, the mixing of minimum custody with medium and maximum custody inmates in the same environment, and the mixing of violent offenders with non-violent offenders in the same housing unit.

I construe this complaint as an official capacity claim against the Warden and the Commissioner that would not entitle Moulton to recover monetary damages, but does, viewed in the light most favorable to Moulton, state a claim for a constitutional violation

seeking prospective injunctive relief. Without reference to the merits of any claim that Moulton may be trying to assert, he has stated sufficient grounds to proceed at this juncture. See Rhodes v. Chapman, 452 U.S. 337, 348-52 (1981) (Eighth Amendment analysis); Green v. McKaskle, 788 F.2d 1116, 1125 (5th Cir. 1986) (Equal Protection Clause); Nadeau v. Helgemoe, 561 F.2d 411 (1st Cir. 1977) (Eighth Amendment and Equal Protection Clause claim); see also Rhodes, 452 U.S. at 352 & n. 17 (observing that courts "certainly have a responsibility to scrutinize claims of cruel and unusual confinement," noting " decisions holding prison conditions to be violative of the Eighth and Fourteenth Amendments").

"The state's power to draw distinctions between [protective custody] prisoners and the general population," the Nadeau Panel explained, is "always subject to the constitutional requirement that the distinction be rational rather than arbitrary and capricious." 561 F.2d at 416; see also Green, 788 F.2d at 1125 (" Prison officials may, of course, arbitrarily determine whether to provide prisoners with privileges amounting to more than 'reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety.' But the state's power to distinguish between prisoners is always subject to the constitutional requirement that substantial and purposeful difference in treatment have some rational basis rather than being wholly arbitrary and capricious.")

At this juncture Moulton has elected to proceed after being warned that his claim may become subject to summary dismissal at a later stage. He has also abandoned any due process claim and clarified he is claiming that the prison has inflicted cruel and unusual punishment upon him and denied him equal protection under the law (see Doc.

No. 4).  These are official capacity claims that will survive initial screening pursuant to 28 U.S.C. § 1915(b).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

May 5, 2009                               /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge